E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JENA A. MACCABE (Cal. Bar No. 316637)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-5046
    Facsimile: (213) 894-0141
    Email:    jena.maccabe@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ED CR No. 20-164(A)-VAP |
| Plaintiff, | UNITED STATES' SENTENCING POSITION |
| v. | Hearing Date: January 23, 2023 |
| JUAN JOSE DE LEON-RUELAS, aka "Juan Jose Deleon" and "Juan Carlos Deleon," | Hearing Time: 9:00 a.m.<br>Location: Courtroom of the Hon. Virginia A. Phillips |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Jena A. MacCabe, hereby files its sentencing position for defendant JUAN JOSE DE LEON-RUELAS ("defendant").

    This position is based on the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.  The United States

//

//

respectfully requests the opportunity to supplement its position or respond to defendant's position as may become necessary.

Dated: January 2, 2023

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

　　　/s/ *Jena A. MacCabe*
JENA A. MACCABE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Defendant JUAN JOSE DE LEON-RUELAS ("defendant"), a convicted aggravated felon, unlawfully reentered the United States one month after his removal on September 10, 2009. Before defendant had been ordered removed on March 4, 2003, he had been convicted of an aggravated felony,[1] his parole for which he violated multiple times, and was separately jailed for second degree murder. (PSR ¶¶ 36, 41.) While appealing his removal order, defendant was convicted of two additional felonies and a misdemeanor, all on different dates. (Id. ¶¶ 37-39.) Although defendant "has not had any contact with law enforcement since his return" to the United States (Dkt. 93), his open disregard for the law throughout his life, including committing multiple firearm felonies while subject to a removal order and reentering the United States only a month after his removal, warrants a significant custodial sentence.

The United States Probation Office (the "USPO") calculated a total offense level of 22 and a criminal history category of VI, for a United States Sentencing Guidelines (the "Guidelines") range of 84 to 105 months' imprisonment. (PSR ¶ 81.) The USPO is recommending 60 months' imprisonment, which amounts to a four-level variance from the Guidelines range as calculated by the USPO. (Dkt. 93.) It also recommends a one-year period of supervised release and a $100 special assessment. (Id.)

---

[1] Defendant had additionally been convicted of another aggravated felony and two other felonies (see Presentence Investigation Report ("PSR") ¶ 35, Dkt. 94), which this Court disregarded after defendant successfully moved to vacate his convictions due to his alleged inability to meaningfully understand the immigration consequences of his pleas (see Dkt. 92).

The United States respectfully disagrees with the USPO's calculations given the Court's order on defendant's vacated convictions (Dkt. 92) and disagrees with the USPO's below-Guidelines recommendation.  The United States asks that this Court sentence defendant to 78 months' imprisonment, which is the high end of the correctly calculated Guidelines range of 63 to 78 months' imprisonment; three years of supervised release; and a $100 special assessment.

**II.  BACKGROUND**

    **A.  Defendant, an Undocumented Alien with Multiple Felony Convictions, Returned to the United States One Month After His Removal**

Defendant, a citizen of Mexico, was at all times relevant to this case an alien, that is, not a natural-born or naturalized citizen, or national, of the United States.  (Joint Statement 2, Dkt. 79.)  He moved to the United States when he was 15 years old.  (PSR ¶ 46.)  By age 19, he was arrested for -- and later convicted of -- second degree murder, and although juvenile charges were dismissed after defendant was determined to be an adult at the time of the murder, he was ordered to remain in jail.  (Id. ¶ 41.)

In May 2000, when defendant was 31 years old, he was convicted of Possession of Marijuana for Sale, an aggravated felony, in violation of California Health and Safety Code § 11359, for which defendant was sentenced to two years' imprisonment -- although that conviction was vacated in 2021, after defendant was charged in this case.  (See Dkt. 92; Dkt. 90 at 6.)  Defendant's other felony convictions from May 2000 were likewise vacated in 2021.  (Dkt. 90 at 6.)  In September 2000, defendant was convicted of Making, Possessing, and Uttering Fictitious Instruments, another aggravated

felony, in violation of California Penal Code § 476, for which defendant was sentenced to one year and four months' imprisonment. (PSR ¶ 36; see also Dkt. 92 (finding this conviction to be an aggravated felony).)  Defendant repeatedly violated the terms of his parole for these 2000 convictions.  (See PSR ¶¶ 35-36.)

On March 4, 2003, an immigration judge signed an order that defendant be removed from the United States to Mexico.  (Id. ¶ 10.) Defendant unsuccessfully appealed the removal order and was thereafter officially removed from the United States on September 10, 2009.  (Id.)

After defendant had been ordered removed, but before he was officially removed, defendant committed a misdemeanor, namely Use of a Controlled Substance, for which he was sentenced to 36 months' probation in January 2004.  (Id. ¶ 37.)  While on probation, and still under the removal order, defendant committed the following two felonies: (1) Possession of a Firearm by Felon, in violation of California Penal Code § 12021(a)(1), in January 2006, for which he was sentenced to four years in prison; and (2) Unlawfully Possessing Controlled Substance While Armed, to wit, Methamphetamine, in violation of California Health and Safety Code § 11370.1, in May 2006, for which he was sentenced to 14 months in prison.  (Id. ¶¶ 38-39.)

Within a month of his removal from the United States, in October 2009, defendant knowingly and voluntarily re-entered and thereafter remained in the United States unlawfully.  (Joint Statement 2.)

### B. After Defendant Pled Guilty in This Case, This Court Ruled that Defendant Was Convicted of an Aggravated Felony Before His Removal

Defendant was charged with being an undocumented alien found in the United States following deportation, in violation of 8 U.S.C. §§ 1326(a), (b)(1), (b)(2). (First Superseding Indictment, Dkt. 86.) He pled guilty without a plea agreement on October 12, 2022. (Minutes of Arraignment and Change of Plea, Dkt. 88.) At defendant's request, this Court held a hearing and determined that defendant has one prior aggravated felony conviction that increases the statutory maximum sentence to 20 years under 8 U.S.C. § 1326(b)(2). (Dkt. 92.)

Specifically, the Court determined that defendant's May 2000 conviction for Possession of Marijuana for Sale, while an aggravated felony, did not increase the statutory maximum because it was vacated "due to prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a conviction or sentence." (Id. (quoting Cal. Penal Code § 1473.7(a)(1)).) However, defendant's September 2000 conviction for Making, Possessing, and Uttering Fictitious Instruments, which was not vacated, is an aggravated felony increasing the statutory maximum. (Id.) Therefore, this Court can sentence defendant up to 20 years in prison.

## III. GUIDELINES CALCULATIONS

In the PSR, the USPO correctly found that the base offense level for defendant's crime is eight under U.S.S.G. § 2L1.2(a). (PSR ¶ 19.) Under U.S.S.G. § 2L1.2(b)(2)(C), a six-level increase applies because defendant sustained a felony conviction for which the sentence imposed was thirteen months or more and the conduct occurred

4

before defendant's initial removal order.[2] (See id. ¶¶ 10 (ordered removed in 2003), 36 (received 16-month sentence after arrest in 1999).) Under U.S.S.G. § 2L1.2(b)(3)(B), an eight-level increase applies because defendant received a four-year sentence for felonious conduct that occurred after defendant was ordered removed. (Id. ¶¶ 22-23, 38 (received four-month sentence after arrest in 2006).)

Also, the USPO accounted for a two-level decrease to the offense level based on defendant's acceptance of responsibility under U.S.S.G. § 3E1.1(a). (Id. ¶ 29.) Provided that defendant continues to demonstrate acceptance of responsibility up to and including the time of sentencing, the United States also recommends a two-level reduction in the Guidelines offense level. However, the United States does not move for the third acceptance point pursuant to U.S.S.G. § 3E1.1(b) because defendant did not assist authorities in the prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently. The resulting offense level is thus 20.

The USPO placed defendant in criminal history category VI, based on 13 criminal history points, which include three points from defendant's May 2000 convictions. (Id. ¶¶ 35-40.) However, this

---

[2] This enhancement applies in lieu of the USPO's proposed eight-level enhancement under U.S.S.G. § 2L1.2(b)(2)(B), which the USPO based on defendant's May 2000 felony conviction for which he received a sentence of two years before his removal order. (See PSR ¶¶ 20-21, 35.) As discussed above, this Court found that defendant's May 2000 convictions, which were vacated under California Penal Code § 1473.7(a)(1), do not count for sentencing purposes. (See Dkt. 92.) Accordingly, defendant's felony conviction at issue before his removal order is the one resulting in a 16-month sentence. (See PSR ¶ 36.)

Court found that defendant's May 2000 convictions were vacated and no longer count for sentencing purposes.  (See Dkt. 92.)  Accordingly, defendant has 10 criminal history points and is in criminal history category V.  With a total offense level of 20, defendant's Guidelines range is 63 to 78 months' imprisonment.

**IV. ARGUMENT**

    **A. A High-End Custodial Sentence of 78 Months Is Sufficient but Not Greater Than Necessary to Achieve the Purposes Set Forth in 18 U.S.C. § 3553(a)**

The Court must impose a sentence that is sufficient, but not greater than necessary, to achieve the purposes set forth in 18 U.S.C. § 3553(a).  The Court shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant."  18 U.S.C. § 3553(a)(1).  In addition, the Court should fashion a sentence that reflects the seriousness of the offense, promotes respect for the rule of law, provides just punishment for the offense, affords adequate deterrence to criminal conduct, and protects the public from future crimes of the defendant, among other considerations.  18 U.S.C. § 3553(a)(2).  When considering all the § 3553(a) factors, a sentence of 78 months' imprisonment is just, sufficient, and necessary.

To promote deterrence, a high-end sentence is warranted in this case.  When defendant was only 19 years old, within four years of moving to the United States, he was jailed for second degree murder.  Despite the loss of life, defendant continued down a path of crime.  His subsequent criminal conduct is diverse, and includes fraud crimes, drug crimes, and gun crimes.  Undeterred by the sentences he received, he repeatedly violated the terms of his parole and was returned to custody.

Defendant has further shown his blatant disregard for the law by reentering the United States just one month after his deportation. That choice followed three convictions defendant received while appealing his removal order. Defendant's brazen recidivism and lack of respect for the law justifies the recommended high-end sentence.

The United States' recommended high-end sentence addresses the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, and protects the public from further crimes of defendant. See 18 U.S.C. § 3553(a)(2).

### B. A Three-Year Term of Supervised Release Is Appropriate

The United States also recommends the Court impose the statutory maximum three-year term of supervised release. Given defendant's history of illegally entering the United States -- including, in this case, returning within a month of his deportation or removal -- a three-year supervised release term will provide a needed additional incentive for defendant to refrain from unlawfully returning to the United States, which will promote respect for the law. See 18 U.S.C. §§ 3583(c), 3553(a)(2)(B); see also U.S.S.G. § 5D1.1 cmt. n.3(A)-(B) ("In determining whether to impose a term of supervised release, . . . [t]he court should give particular consideration to the defendant's criminal history.").

Additionally, defendant's criminal history shows that he has repeatedly violated past terms of parole and been returned to custody. (PSR ¶¶ 35-36.) Further, while serving a term of 36 months' probation (see id. ¶ 37), he committed two firearm felonies (see id. ¶¶ 38-39). The need to adequately deter defendant from committing more crimes, and defendant's serious criminal history in

1 general, weigh in favor of a three-year term of supervised release.
2 U.S.S.G. § 5D1.1 cmt. n.3(A)-(B).
3 **V.    CONCLUSION**
4      For the foregoing reasons, the United States respectfully
5 requests that this Court sentence defendant to: (1) 78 months'
6 imprisonment; (2) a three-year period of supervised release with the
7 terms and conditions recommended by the USPO; and (3) a mandatory
8 special assessment of $100.